# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| AZAEL DYTHIAN PERALES,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL CASE NO. 3:17-CV-3064-G-BK |
| | § | |
| UNITED STATES OF AMERICA, et al.,<br>Defendants. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be **DISMISSED WITH PREJUDICE** as frivolous.

### I. BACKGROUND

On November 6, 2017, Plaintiff, a *pro se* litigant and self-described homeless California resident, filed a civil complaint, Doc. 3, and supplemental pleadings titled (1) *Jurisdiction Article 3 Section 2 of the U.S. Constitution*, Doc. 5; (2) *Motion to Admit New Related Case and Invoke 28 U.S.C. §292(a)*, Doc. 6; and (3) *Petition for Writ of Mandamus, Mandate and Verified Complaint for Injunctive and Declaratory Relief Preliminary Statement Pursuant to (42 US Code §1983, Other Offenses Against Public Justice > California Penal Codes §137(b), §140(a), §14(4), §145, §146(g), § 147, §148, §148.1, §149, §151, §153, §155, §155.5, §165, §166, §181, §188 & §401, & Espionage, Conspiracy to Committee Espionage (colloquially, spying)*, Doc. 7. The complaint and supplemental pleadings exceed 100 pages and name more than 120

defendants, including the United States, President Donald Trump, Vice President Mike Pence, cabinet members, and numerous other federal and state agencies and officials.[1]

Upon review, the Court finds that the complaint is difficult to decipher and nonsensical. Plaintiff cites a number of federal and state criminal statutes and alleges criminal violations including, espionage, conspiracy, and racketeering. Doc. 3 at 18-28. Plaintiff argues that the

> United States federal government (in comparison to the separate states) applies the death penalty for crimes: treason, terrorism, espionage, federal murder, large-scale drug trafficking, and attempting to kill a witness, juror, or court officer in certain cases. Military law allows execution of soldiers for several crimes.

Doc. 3 at 28. As relief, he seeks a "writ of execution." Doc. 3 at 28. Additionally, in his petition for writ of mandamus, Plaintiff requests that Defendants be ordered

> to immediately cease and desist all violations of the law including that of Espionage, Conspiracy to commit Espionage with utilization of all forms of communication through any rogue electrical transmissions and of that of solar, cell energy and radioactive power.

Doc. 7 at 19.

Plaintiff is no stranger to the federal courts, having filed over 100 cases since 2009. *See* PACER Case Locator, available at http://pcl.uscourts.gov. A sampling of those actions reflect that they were dismissed as frivolous, for failure to state a claim, and/or for lack of jurisdiction. In 2011, in light of his abusive filing history and the patently frivolous allegations, this Court warned Petitioner that, if he persisted in filing frivolous civil actions, the Court may impose monetary sanctions and/or bar him from bringing any further action of any kind *in forma pauperis* and/or without court approval. *Perales v. U.S. Internal Revenue Service*, No. 3:10-CV-2621-B-BK (N.D. Tex. 2011) (accepting magistrate judge's recommendation); Civ. Doc. 4; Civ.

---

[1] In light of Plaintiff's abusive filing history and to preserve limited judicial resources, the docket sheet only lists one defendant.

Doc. 5; Civ. Doc. 6; *see also Perales v. United States*, No. 1:11-CV-468, 2012 WL 113299 (D. Maine Jan. 13, 2012) (dismissing case as frivolous with sanction warning); *Perales v. Trueblue, et al.*, No. 12-CV-097, 2012 WL 1592540, *2-3 (N.D. Okla. May 4, 2012) (same).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims are legally and factually frivolous and clearly baseless.

To the extent Plaintiff intends to prosecute a criminal case against the named defendants, he does not have a federally secured right to pursue a criminal prosecution. Only the executive branch of the state and federal government has exclusive jurisdiction to commence criminal

3

charges. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (quotations and quoted case omitted) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-281 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within the category of acts that will not give rise to liability under 42 U.S.C. § 1983).

In addition, Plaintiff's allegations of espionage, conspiracy, racketeering, and communications through "electrical transmissions and . . . solar, cell energy and radioactive power" are premised on factual scenarios that are clearly irrational and incredible. *See Denton*, 504 U.S. at 33; *see also Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *recommendation accepted*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as legally and factually frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly suggest that his claims are irrational and, thus, fatally infirm. Under these circumstances, granting leave to amend would be futile and cause needless delay.

4

## IV. SANCTION WARNING

Because Plaintiff persists in filing frivolous actions, he should be barred from filing future civil actions in this court without either paying the applicable filing fee or filing an appropriate motion for leave to file accompanied by a proposed complaint and a motion for leave to proceed *in forma pauperis*. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys); *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993) (federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority."). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B), and that Plaintiff be sanctioned as stated above.

**SIGNED** November 21, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).
.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE